O’Donnell, J.,
concurring separately.
{¶ 15} The Powell City Charter, Article VI, Section 6.06(B) provides that “[ordinances rejected or repealed by an electoral vote shall not be re-enacted, in whole or in part, except by an electoral vote.” The subject of this case is two ordinances, the second of which has been challenged by relator, Brian Ebersole, who suggests that it should have been submitted to voters pursuant to the Powell City Charter.
{¶ 16} Ordinance 2015-18 rezoned 8.75 acres of land adjoining Beech Ridge Drive in Powell, Ohio, from “PC, Planned Commercial District and R, Residence District” to “PR, Planned Residence District.” It also approved a plan for the construction of 47 single-family condominium homes in a residential development to be called Harper’s Pointe. Powell voters rejected this ordinance in a referendum election.
{¶ 17} In contrast, Ordinance 2016-44 only rezoned this property from “PC, Planned Commercial District and R, Residence District” to “DR, Downtown Residence District.” Importantly, this ordinance did not approve any development plan for the property.
{¶ 18} “Re-enact” means “to enact (as a law) again.” Webster’s Third New International Dictionary 1907 (1993). It is manifest that the city council did not re-enact (in whole or in part) the ordinance rezoning the property to a planned residence district, which the electors rejected by referendum, because it enacted a new ordinance rezoning the property to downtown residence district. And while it may be true that Arlington Homes hopes to construct 48 single-family homes on the same 8.75 acres and to call that new development Harper’s Pointe, that fact is irrelevant to the analysis here, because Ordinance 2016-44 did not enact, much less re-enact, any development plan for the property.
{¶ 19} Accordingly, in my view, the city council complied with the Powell City Charter when it enacted Ordinance 2016^14, and it had no clear legal duty to refer this matter to the electors of Powell. For this reason, I would deny the writ of mandamus.
*505 Frost Brown Todd, L.L.C., Eugene L. Hollins, Katherine Klingelhafer, and Yazan S. Ashrawi, for respondent.
Vorys, Sater, Seymour & Pease, L.L.P., Joseph R. Miller, Christopher L. Ingram, and Kara M. Mundy, for intervening respondents.